IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| UNITED STATES OF AMERICA, Plaintiff, v. DOROTHY LUPE, Defendant. | Case No. 16-cr-00744-DKW-7 **ORDER DENYING MOTION FOR COMPASSIONATE RELEASE** |
|---|---|

Defendant Dorothy Lupe moves for a reduction in her sentence to time-served, arguing that various medical conditions, including morbid obesity, place her at increased risk of serious illness from the coronavirus and, thus, constitute an "extraordinary and compelling" reason for a sentence reduction under Section 3582(c)(1)(A)(i) of Title 18.

Pursuant to Section 3582(c)(1)(A)(i), a court may, after considering the factors set forth in Section 3553(a), modify a term of imprisonment if, upon motion of the Director of the Bureau of Prisons (BOP) or the defendant following exhaustion of administrative rights, "extraordinary and compelling reasons warrant such a reduction[,]" the defendant is not a danger to the safety of others or the community, and the reduction is consistent with the relevant policy statement of

the U.S. Sentencing Commission.   18 U.S.C. § 3582(c)(1)(A)(i); U.S.S.G. § 1B1.13.

The Sentencing Commission has defined "extraordinary and compelling reasons" to include, among other things, a defendant suffering from a serious physical or medical condition that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which she is not expected to recover.   U.S.S.G. ¶ 1B1.13, app. note 1(A)(ii). Age and family circumstances may also provide the basis for a finding of "extraordinary and compelling" (*id.*, app. note 1(B) and (C)), as may a "reason other than, or in combination with, the reasons described in [the application note]." *Id.*, app. note 1(D).   With respect to the latter, the "extraordinary and compelling reason" must be "determined by the Director of the Bureau of Prisons…."   *Id*.

Here, Defendant's motion for compassionate release fails because, in light of the recorded cases of coronavirus at FPC Bryan–a total of 11 since the beginning of the pandemic, only 3 of which have been experienced by inmates and from which the inmates have all recovered, *see* https://www.bop.gov/coronavirus (last visited November 4, 2020)[1]–the Court does not find that extraordinary and compelling reasons exist under Section 3582(c)(1)(A)(i) for reducing Defendant's

---

[1] The remaining eight have involved staff, rather than inmates.

2

sentence, despite the medical conditions that Defendant asserts she suffers from. Put simply, with 572 inmates at FPC Bryan, *see* https://www.bop.gov/locations/institutions/bry (last visited November 3, 2020), there has been a substantially smaller percentage of cases amongst the inmate population at the prison than in the United States population to which Defendant seeks release.[2][3]  Therefore, the motion for compassionate release, Dkt. No. 792, is DENIED.[4]

IT IS SO ORDERED.

DATED: November 4, 2020 at Honolulu, Hawaiʻi.



Derrick K. Watson
United States District Judge

*USA v. Dorothy Lupe*; CR 16-00744 DKW; **ORDER DENYING MOTION FOR COMPASSIONATE RELEASE**

---

[2] Specifically, as of November 3, 2020, with a population of roughly 330.5 million, *see* https://www.census.gov/popclock, and approximately 9.25 million coronavirus cases, *see* https://covid.cdc.gov/covid-data-tracker, approximately 2.79% of the U.S. population has officially been recorded as contracting the coronavirus.  The percentage for 3 inmates at 572-inmate FPC Bryan is 0.524%.

[3] In addition, the Court notes that, in her briefing, Lupe fails to address whether her medical conditions substantially diminish her ability to provide self-care in the environment of her prison, as the application note to Section 1B1.13 requires.

[4] Because the motion is denied for failure to show an extraordinary and compelling reason under Section 3582(c)(1)(A)(i), the Court need not (and does not) address any of the other matters, such as danger to others, pertinent to a motion for compassionate release.